HENRY W. STOVER, appellant,

*v.*

JOSIAH HELLYER et al., respondents.

[Argued March 27th, 1905.   Decided November 20th, 1905.]

A mortgage made by a grantee of lands to the grantor thereof, and which recites that it is a purchase-money mortgage and contains a clause that certain judgments against the grantee which are mentioned therein shall have priority in lien over the lien of the mortgage, is by such clause rendered subject to the lien of the judgments.

On appeal from a decree of the court of chancery advised by Vice-Chancellor Bergen, whose opinion is reported *ante p. 446.*

*Mr. Benjamin W. Ellicott,* for the appellant.

*Mr. James Buchanan,* for the respondents.

The opinion of the court was delivered by

FORT, J. ·

The bill in this case is filed for the foreclosure of a mortgage and for an injunction to restrain the three defendants, who are the executors of the late Samuel K. Wilson, from further prosecuting a certain action of ejectment to recover the mortgaged premises pending the foreclosure.   The executors of Samuel K. Wilson claim title to the property under a deed made by the sheriff of Mercer county upon a sale of the mortgaged premises under three separate judgments held by them against the defendant Hellyer, the mortgagor, and which judgments were so held at the time the mortgage was made, and which are expressly referred to in the mortgage.

The facts as to the making of the mortgage, and the circum-

stances under which it was made, are sufficiently stated in the opinion of the learned vice-chancellor in the court below.

There is, as it seems to us, but a single question for decision, viz., does the complainant's mortgage, which is concededly a purchase-money mortgage by its terms, give priority of lien upon the mortgaged premises to the Wilson judgments over the mortgage itself?

The mortgage contains this clause:

"It is understood and agreed by and between the parties hereto that the lien of three judgments recovered in the New Jersey Supreme Court against said Josiah Hellyer, and now held by Samuel K. Wilson, shall have priority over the lien of this mortgage, together with all and singular the profits, privileges and advantages, with the appurtenances to the same belonging or in anywise appertaining."

Upon the margin of the mortgage, after the above clause and near the end of the mortgage, this clause is written, viz.: "It is hereby understood by the parties herein interested that this mortgage is given to secure so much of the purchase-money."

This latter clause was inserted in the mortgage at the time it was executed upon the requirement of the mortgagee. Such, at least, is the proof.

Both these clauses appearing, it is the duty of the court, if it can do so, to so construe the mortgage that both may stand.

In my view, the mortgage is upon its face free from ambiguity. Both these clauses can be given full force without producing conflict or uncertainty.

The clause above quoted, giving priority to the Wilson judgments over the lien of the mortgage, is too clear for construction. There is no contention that if it stood alone in the mortgage it would not give the judgments priority.

Does the inserted clause, declaring the mortgage to be a purchase-money mortgage, nullify the priority given the Wilson judgments?

We are unable to so construe it. It seems to us that the two clauses may stand together in the mortgage and both be enforced.

Where the parties have expressed the agreement in plain

words there is nothing to construe, and the only thing the court can do is to enforce the agreement. *Bower* v. *Hadden Blue Stone Co., 30 N. J. Eq. (3 Stew.) 171.*

A mortgage may well be a purchase-money mortgage and be by agreement postponed in priority to other liens. The statement that it is a purchase-money mortgage is merely the statement of a fact. Whether the ordinary consequences shall follow from that fact may be regulated by agreement. Here it is done by the plain terms of the mortgage itself. There is no difficulty to give force to both clauses so that both may stand. By its terms the mortgage is a purchase-money mortgage, but expressly made subject to the lien of the Wilson judgments.

. We have not considered the other questions raised or passed upon in the opinion below.

On the ground here stated, we think the decree of the court of chancery should be affirmed.

*For affirmance*—THE CHIEF-JUSTICE, DIXON, GARRISON, FORT, GARRETSON, PITNEY, SWAYZE, BOGERT, VREDENBURGH, GREEN, GRAY—11.

*For reversal*—None.